(65 Misc. Rep. 212.)

PEOPLE ex rel. GOELET v. O'DONNEL, Commissioner of Taxes.

(Supreme Court, Special Term, New York County. November, 1909.)

TAXATION (§ 348*)—ASSESSMENT—EVIDENCE OF VALUE OF LANDS AND BUILDINGS.

On a review of an assessment, in estimating the additional value given to a lot by a building erected thereon, the fee value of the lot and the building having been computed on the basis of the ratio of its rental value to the fee value, the value of the lot should be deducted from the combined value; the remainder being the value of the building.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 348.*]

Certiorari by the People, on the relation of Mary R. Goelet, against Frank A. O'Donnel, Commissioner of Taxes, to review an assessment. Affirmed.

Goeller, Shaffer & Eisler, for relator.

Francis K. Pendleton, Corp. Counsel, for defendant.

DAYTON, J. The brief of the corporation counsel opposes this application mainly upon the ground that the method adopted by the learned referee regarding building values was erroneous. The buildings on these premises were erected in 1883, and for the years in ques-

tion produced a net rental of $19,000, a considerable reduction from previous years. The city offered proof for the purpose of showing that the owners should have obtained higher rentals. Presumably, a landlord strives for all obtainable income from his property. His failure to do so is his loss, and I know of no rule penalizing him in taxation upon the theory that he does not so manage, or further improve his property, as to enhance its taxable value. In his opinion the learned referee says:

"Yet the actual rentals received from the Kemble building for the last year appear to have been $36,000 gross, and the net rentals about $19,000. It seems to me, therefore, that if the rentals of this property are considered, it cannot fairly be said that the building added $193,969, or $183,580, or $175,000 (so testified by the city's experts) to its value. I think that, taking into consideration the rent received, on all the evidence, it must be concluded that the building added $47,940.08 to the value of the land, being 8 per cent., as I find it, of $599,251. I understand that at least 8 per cent. is the ratio between the fee and rental value. I find, therefore, that the building in question did not add more than 8 per cent., or $47,940.08, to the value of the land, which would make the total value of the property, as improved, $647,191.08."

It would appear from the testimony of the city's experts that 8 per cent. was a reasonable rate of computation for these purposes, so that, on the record, the learned referee favored the city, rather than the relator, in his conclusions upon this point. The value of the land, as unimproved, found by him was on the testimony of both sides eminently fair. These proceedings, covering about 1,500 typewritten pages, were protracted in the taking of voluminous testimony, summing up, and submission of briefs. The learned referee, in exhaustive and able opinions, discussing the evidence and the law applicable to the questions involved, has reached conclusions which are in all respects approved.

Reports confirmed.